IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

*v.*

MEKELL WHATLEY

Criminal Action No.

1:22-CR-296-LMM

**United States' Sentencing Memorandum**

The United States of America, by Ryan K. Buchanan, United States Attorney, and Mary L. Webb, Assistant United States Attorney for the Northern District of Georgia, files this Sentencing Memorandum in anticipation of the sentencing hearing scheduled in this case for July 24, 2023.

**Facts and Procedural Background**

Mekell Whatley was encountered on or about June 9, 2021 by the Dunwoody Police Department when they received reports of an individual entering automobiles. PSR ¶ 10. Dunwoody Police responded to the area and encountered Whatley, who matched the description of the suspect entering automobiles, and his vehicle, a Dodge Charger. PSR ¶ 11. Dunwoody Police then got a search warrant for the Charger. PSR ¶ 13. The firearms and additional items listed in the Presentence Investigation Report at paragraphs 14 and 15 were recovered from the Charger. PSR ¶¶ 13, 14, 15. Whatley had previously been convicted of Theft by Receiving Stolen Property, in the Superior Court of Fulton County, Georgia, Case No. 18SC160776, on September 11, 2018. PSR ¶ 37. Additionally, Whatley

previously received a Georgia First Offender disposition in the Superior Court of Clayton County, Georgia, Case No. 2016CR01213-09, on May 4, 2017. PSR ¶ 36. Whatley's First Offender plea was entered as to two counts: Burglary in the First Degree, and Possession of Marijuana with Intent to Distribute. PSR ¶ 36.

In August 2022, a grand jury for the Northern District of Georgia returned a three-count indictment charging Whatley with possession of the firearms in the Charger after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), and unlawful possession of a machinegun and of a firearm silencer, each in violation of 26 U.S.C. § 5861(d). Whatley entered a guilty plea pursuant to a plea agreement with the Government on April 25, 2023. (Docs. 25; 25-1). Whatley pled guilty to Count I of the indictment, and the Government agreed to dismiss the remaining counts. (Doc. 25-1). Additionally, the parties agreed to both recommend that the base offense level under the Sentencing Guidelines would be Section 2K2.1(a)(4), which provides for a base offense level of 20, and that Whatley should receive a 2-level upward adjustment for the number of firearms involved in the offense. (Doc. 25-1 at 5). The Government also agreed to recommend that Whatley be sentenced at the low end of the adjusted Guideline range. (Doc. 25-1 at 7).

The initial PSR determined Whatley's base offense level as 22 by applying Section 2K2.1(a)(3). PSR ¶ 23. The PSR determined that Whatley's previous First Offender disposition for possession with intent to distribute marijuana constituted a controlled substance offense conviction, and that he possessed a large capacity magazine as well as a firearm described in 26 U.S.C. § 5845. PSR

¶ 23. Whatley filed an objection to the base offense level, objecting to both the designation of his First Offender disposition as a "felony conviction" under § 2K2.1 and to its classification as a "controlled substance offense" under § 4B1.2. PSR ¶ 23. This is the only unresolved Guidelines issue identified in the PSR. The PSR calculates Whatley's advisory custody Guidelines range as 87-108 months'.

## Sentencing Guidelines

Whatley has two previous criminal justice dispositions. One of those dispositions, for Theft by Receiving Stolen Property, counts as a conviction under Georgia law; the other, a First Offender disposition for Burglary and Possession of Marijuana with Intent to Distribute, does not. *See Davis v. Georgia*, 269 Ga. 276, 277-78 (Ga. 1998) (explaining that First Offender dispositions are not convictions).  Because Congress determined that, for the purposes of 18 U.S.C. § 922(g), "[w]hat constitutes a conviction . . . shall be determined in accordance with the law of the jurisdiction in which the proceedings were held," 18 U.S.C. § 921(a)(20)(B), only the Theft by Receiving Stolen Property conviction served as a basis for Whatley's charge under 18 U.S.C. § 922(g)(1).

Despite the fact that Georgia does not consider First Offender dispositions to be convictions, the Eleventh Circuit has previously ruled that Georgia First Offender dispositions should be counted toward criminal history category scores. *See United States v. Knight*, 154 Fed. App'x 798, 799 (11th Cir. 2005) (holding a successfully discharged Georgia First Offender disposition was correctly used in the calculation of criminal history category). Thus, the PSR

properly included Whatley's First Offender disposition in its tally of criminal history points under U.S.S.G. § 4A1.1(b). PSR ¶ 36.

The PSR also counts Whatley's First Offender disposition as a conviction for the purpose of determining his base offense level under Section 2K2.1(a)(3). PSR ¶ 23. Specifically, the PSR has categorized Whatley's First Offender disposition for possession of marijuana with intent to distribute as a prior felony conviction for a controlled substance offense. PSR ¶ 23. Whatley has objected to this application on two grounds. He has objected that it is not a felony conviction, given that it is a First Offender disposition, and he has objected that it does not constitute a "controlled substance offense."

Section 2K2.1(a) provides several different base offense levels, ranging from 18 to 26, where a defendant has a combination of aggravating factors regarding the characteristics of the firearms he possessed during his relevant conduct and regarding his criminal history. Here, it is undisputed that Whatley possessed several firearms that were "capable of accepting a large capacity magazine," and that he possessed a firearm that is "described in 26 U.S.C. § 5845(a)" (i.e. the silencer). And it is undisputed that Whatley was a prohibited person at the time he possessed the high-capacity magazines and firearm described in 26 U.S.C. § 5845. The Government agreed to recommend that § 2K2.1(a)(4) was the base offense level in the plea agreement based on these aggravating factors.

But the PSR finds that Whatley's First Offender conviction constitutes a prior conviction for a controlled substance offense. PSR ¶ 23. This moves Whatley up into the next base offense level, 2K2.1(a)(3), and assigns his conduct a base

4

offense level 22. While the application notes for Section 2K2.1 of the Sentencing Guidelines refers to Section 4B1.2 for the definitions of "controlled substance offense" and "crime of violence," § 2K2.1 app. note 1, the current version of Section 2K2.1 contains its own definition of "felony conviction." § 2K2.1 app. note 1:

> **"Felony conviction"** means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed.

Later, application note 10 further gives additional guidance on what constitutes felony convictions under 2K2.1(a)(1)-(4) and directs the user to refer to Section 4A1.1. U.S.S.G. § 2K2.1 app. note 10. The Government has not located an Eleventh Circuit case directly on point regarding whether Georgia First Offender dispositions constitute "felony convictions" for the purposes of U.S.S.G. § 2K2.1. But the Eleventh Circuit has previously held that federal, rather than state, law controls what constitutes a conviction unless Congress has provided otherwise. *United States v. Mejias*, 47 F.3d 401, 403-04 (11th Cir. 1995). In *Mejias*, the Eleventh Circuit considered a Florida disposition in which adjudication was withheld following a *nolo contendere* plea. *Mejias*, 47 F.3d at 403. Although it did not constitute a conviction under Florida law, the Eleventh Circuit determined it constituted a conviction under both the Career Offender provisions and under a recidivism enhancement at 21 U.S.C. § 841(b)(1)(B) for prior convictions. *Mejias*,

5

47 F.3d at 404. Thus, under *Mejias,* Whatley's Georgia First Offender disposition likely falls within the definition of "felony conviction" under 2K2.1.

Whatley also challenges designating his First Offender conviction as a "controlled substance offense." However, two district courts in the Northern District of Georgia have recently found that the term "controlled substance offense" in the Guidelines is to be given its plain meaning. *See United States v. Colley*, 2023 WL 155867, Case No. 1:21-CR-346-SDG (Jan. 11, 2023);  *United States v. Simmons*, Case No. 1:18-CR-144-TWT (Mar. 9, 2023). Under their reasoning, Whatley's marijuana conviction constitutes a "controlled substance offense" under the Guidelines.

Despite this law, the Government intends to abide by its agreement in the plea agreement and recommend that Section 2K2.1(a)(4) provides a base offense level of 20 at sentencing.

Additionally, based on discussions with defense counsel, the Government anticipates that Whatley will request that he receive the benefit of the forthcoming amendments to Guidelines Section 4A1.1, which are anticipated to take effect in November 2023. Under those amendments, Whatley's criminal history score would be reduced by two points, because the amendments remove the two-point enhancement for committing the instant offense while on probation. After removing those two points, Whatley would move down a criminal history category to Category II. The Government does not object to Whatley's receiving this benefit at this sentencing. But the Government notes that if the Court applies this reduction to criminal history category now, Whatley

should not be able to move for a further reduction under 18 U.S.C. § 3582(c)(2) based on this same amendment later when the amendments go into effect.

### Government's Recommendation

While in the plea agreement the Government agreed to recommend a sentence at the low end of the advisory Guidelines range, this recommendation included the Government's anticipation, also outlined in the plea agreement, that Whatley's base offense level would be a 20, rather than a 22. If the Court determines that base offense level 22 applies to Whatley's offense conduct, the Government intends to request that the Court impose a two-level downward variance to Whatley's total offense level to give effect to the Government's recommendation.  And as noted above, the Government will agree to a downward variance in criminal history to give effect now to the anticipated November 2023 amendment to Section 4A1.1. Thus, if the Court adopts the Guidelines calculations of the Final PSR, the Government anticipates recommending a below-Guidelines sentence of 63 months in custody under the sentencing factors of 18 U.S.C. § 3553(a).

Respectfully submitted,

RYAN K. BUCHANAN
*United States Attorney*


/s/MARY L. WEBB
 *Assistant United States Attorney*
Georgia Bar No. 940420
Mary.webb@usdoj.gov

600 U.S. Courthouse, 75 Ted Turner Drive S.W., Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Joe Austin, counsel for Mekell Whatley

July 18, 2023

/s/ MARY L. WEBB

MARY L. WEBB

*Assistant United States Attorney*